**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AFFINITY LABS OF TEXAS, LLC., a
Texas Limited Liability Company,

        Plaintiff and
        Counterclaim-Defendant,

    v.

NIKE, INC., an Oregon Corporation,
and APPLE INC., a California
Corporation,

        Defendants and
        Counterclaim-Plaintiffs.
_____/

No. C 10-5543 CW

ORDER DENYING
DEFENDANTS' MOTION
TO STAY ACTION
(Docket No. 91)

Defendants Apple, Inc. and Nike, Inc. move to stay the present action pending inter partes reexamination of United States Patents No. 7,251,454 ('454 Patent) and No. 7,519,327 ('327 Patent).[1]  Docket No. 91.  Plaintiff Affinity Labs of Texas, LLC. opposes the motion.  The motion was taken on the papers.  Having considered all of the parties' submissions, the Court DENIES Defendants' motion.

---

[1] Defendants' motion for a stay initially encompassed proceedings based on Patent No. 7,062,225 ('225 Patent).  However, Affinity has since amended its complaint to remove claims based on the '225 Patent.  Docket No. 124.

**United States District Court**
For the Northern District of California

BACKGROUND

Affinity filed this lawsuit on February 16, 2010 in the Eastern District of Texas.  On November 4, 2010, Defendants' motion to transfer this action to the Northern District of California was granted.  Docket No. 68.  On November 15, 2010, Apple filed three requests for reexamination of the Patents-in-Suit.  On March 22, 2011, Defendants jointly moved stay the proceedings in this case.  Docket No. 91.

LEGAL STANDARD

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  In determining whether to stay a case pending reexamination, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

DISCUSSION

The present case does not merit a stay of the proceedings. The first factor for consideration--the stage of the litigation-- weighs in favor of a stay.  The parties agree that, thus far, they

have exchanged very little discovery.  No trial date has been set, and the parties have not yet appeared for a case management conference.

The second factor--whether a stay would simplify the issues presented in this action--is neutral.  On one hand, staying the case may narrow the issues in question and simplify the trial.  As noted in this Court's order denying Apple's motion for a stay in the related action, Affinity Labs of Texas, LLC v. Apple, Inc., C 09-04436, April 29, 2010 Order Denying Stay, patents rarely emerge from inter partes reexaminations unchanged.  Affinity argues that simplification of the issues is unlikely to result from the reexamination proceeding because Nike did not join the reexamination requests.  However, Defendants' reply brief makes clear that Nike is willing to be bound by the results of the reexamination proceedings to the same extent as a party to those proceedings if the Court grants a stay of the proceedings.  An inter partes reexamination permits third-parties to participate in the reexamination process, and a participating defendant will be estopped from asserting the invalidity of any claim of the patents-in-suit on any ground which it raised or could have raised during the inter partes proceeding.  Nevertheless, even if Nike were bound by the results of the reexamination, it is unlikely that the reexamination proceeding will resolve all of the issues regarding the two patents in question in this lawsuit.  Thus, the Court would be left to adjudicate the remaining issues.  Given the

United States District Court
For the Northern District of California

uncertainty about whether the reexamination will actually simplify the issues in this case, this factor is neutral.

Lastly, the Court considers whether a stay in this action will unduly prejudice or create a clear tactical disadvantage to the non-moving party, Affinity.  This Court and others have recognized that the average <u>inter partes</u> reexamination takes over three years to complete.  <u>Affinity Labs of Texas, LLC v. Apple, Inc.</u>, April 29, 2010 Order Denying Stay at 4; <u>ESCO Corp. v Berkeley Forge & Tool, Inc.</u>, 2009 U.S. Dist. LEXIS 94017, *9 n.3 (N.D. Cal.).  Although the delay that inherently results from the reexamination process "does not constitute, by itself, undue prejudice," <u>Network Appliance Inc. v. Sun Microsystems, Inc.</u>, 2008 WL 2168917, *5 (N.D. Cal.), Apple waited nine months after Affinity filed the present suit before requesting the reexaminations.  Defendants delayed their motion for a stay until March 22, 2011.  These delays are similar to those in <u>Affinity Labs of Texas, LLC v. Apple, Inc.</u>.  There Apple waited eight months after Affinity filed its suit before seeking reexamination of the patents-in-suit, and then delayed seven weeks after the requests were granted before moving to stay the proceeding.  A stay may prejudice Affinity's ability to enforce and license its patents, and could lead to a loss of evidence.  Thus, a stay in this action is unwarranted.

**United States District Court**
For the Northern District of California

CONCLUSION

    Defendants' motion for a stay of the proceedings is denied. Docket No. 91.  The parties shall appear for a case management conference on June 9, 2011 at 2 pm.

    IT IS SO ORDERED.



Dated: May 13, 2011

CLAUDIA WILKEN
United States District Judge